**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Never Slip Holdings, Inc., *et al.*,[1] | Case No. 24-10663 (LSS) |
| Debtors. | (Jointly Administered) |
| | **Re: Docket Nos. 70, 132** |

**NOTICE OF PROPOSED SALE OF**
**ASSETS, STALKING HORSE APA, BIDDING**
**PROCEDURES, AUCTION, AND SALE HEARING**

PLEASE TAKE NOTICE that the above-captioned debtors and debtors-in-possession (the "Debtors") each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), on April 1, 2024, in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). The Debtors are seeking to sell (the "Sale") all or substantially all of their assets (the "Assets"), free and clear of all Liens other than Assumed Liabilities (each as defined in the Stalking Horse APA, as defined below).[2] In connection with the Sale, the Debtors have entered into an asset purchase agreement dated as of April 8, 2024 (the "Stalking Horse APA") with to SFC Acquisition Co., LLC, an entity organized by the Prepetition First Lien Agent and to be controlled by the Prepetition First Lien Lenders, subject to the Debtors' acceptance of higher or otherwise better offers in accordance with the Bidding Procedures (as defined below).

*Summary of Key Dates Established by Bidding Procedures*

| **Date** | **Event or Deadline** |
|---|---|
| April 30, 2024, or as soon as reasonably practicable thereafter | Deadline to serve Sale Notice on the Notice Parties |
| May 17, 2024, 5:00 p.m. (E.T.) | Deadline for Prospective Bidders to Submit Qualifying Bids |
| May 20, 2024, 4:00 p.m. (E.T.) | Sale Objection Deadline |
| May 21, 2024, 11:00 a.m. (E.T.) | Auction Date |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are: Never Slip Holdings, Inc. (5010); Never Slip TopCo, Inc. (8956); SHO Holding I Corporation (7699); SHO Holding II Corporation (7738); Shoes For Crews, Inc. (9679); SFC Holdings, Inc. (8908); SFC Holdings, LLC (2357); Shoes for Crews, LLC (2362); SRS/MKS, L.L.C. (7003); Shoes for Crews Canada, Ltd. (0085); SFC Canada, Inc. (1314); and Sunrise Enterprises, LLC (4516). The Debtors' service address is 5000 T-Rex Avenue, Suite 100, Boca Raton, FL 33431.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Bidding Procedures Order and Bidding Procedures (each as defined below).

| Date | Event or Deadline |
|---|---|
| May 22, 2024, or as soon as reasonably practicable thereafter | Deadline to file Notice of Successful Bidder |
| May 22, 2024, 12:00 p.m. (E.T.) | Cure Objection Deadline |
| May 23, 2024, 2:30 p.m. (E.T.) | Alternative Sale Objection Deadline |
| May 23, 2024, 2:30 p.m. (E.T.) | Hearing to Consider the Sale Order |
| No later than May 31, 2024 | Entry of the Sale Order |
| No later than June 17, 2024 | Consummation of the Sale |

PLEASE TAKE FURTHER NOTICE that by order, dated April 26, 2024 [Docket No. 132] (the "Bidding Procedures Order"), the Bankruptcy Court approved certain relief requested in the related motion [Docket No. 70] (the "Bidding Procedures Motion"), and certain "Bidding Procedures" that govern the sale of the Assets to the highest or otherwise best bidders. Copies of the Bidding Procedures Motion, the Bidding Procedures Order, the Bidding Procedures and the Stalking Horse APA are available for download at https://omniagentsolutions.com/ShoesforCrews (the "Case Website") or from the Debtors' claims and noticing agent, Omni Agent Solutions, via telephone at 888-202-5659 (US & Canada toll free) and 747-288-6384 (International) or via email at ShoesforCrewsInquiries@OmniAgnt.com. A separate notice will be provided to counterparties to executory contracts and unexpired leases with the Debtors that may be assumed and assigned in connection with the Sale. **Any interested bidder should contact the Debtors' proposed investment banking advisor, Solomon Partners Securities, LLC, attn: Jeff Derman (212-508-1625; jeff.derman@solomonpartners.com), Tero Jänne (212-508-1676; tero.janne@solomonpartners.com), and Dan Golynskiy (646-378-4068; daniel.golynskiy@solomonpartners.com).**

PLEASE TAKE FURTHER NOTICE that the deadline to submit a bid for any Assets is **May 17, 2024, at 5:00 p.m. (E.T.)**.

PLEASE TAKE FURTHER NOTICE that an auction for the Assets, unless cancelled or adjourned in accordance with the Bidding Procedures Order, will be held on **May 21, 2024 at 11:00 a.m. (E.T.)**, at the offices of Ropes & Gray LLP, 1211 6th Avenue, New York, NY 10036, or virtually via telephone and/or video conference pursuant to information to be timely provided by the Debtors to the Auction Participants.

PLEASE TAKE FURTHER NOTICE that unless adjourned in accordance with the Bidding Procedures Order, the Bankruptcy Court will conduct a hearing (the "Sale Hearing") to consider the Sale on **May 23, 2024 at 2:30 p.m. (E.T.)**, subject to the Bankruptcy Court's availability.

PLEASE TAKE FURTHER NOTICE that any objections to the Sale or the relief requested in connection with the Sale, including any objection to the sale of any Purchased Assets free and clear of liens, claims, interests, and encumbrances pursuant to section 363(f) of the Bankruptcy Code, the identity of the Stalking Horse Purchaser, or the adequate assurance of future performance by the Stalking Horse Purchaser but not including objections related to cure amounts for the

Purchased Contracts or general objections to the assumption and assignment of the Purchased Contracts (each, a "Sale Objection"), must: (a) be in writing; (b) comply with the Bankruptcy Rules and the Local Rules; (c) set forth the specific basis for the Sale Objection; (d) be filed with the Clerk of this Court, 824 N. Market Street, 3rd Floor, Wilmington, Delaware 19801 (the "Clerk"), and proof of service of such Sale Objection upon the Objection Notice Parties (as defined below) shall be filed with the Court as and when required by the Local Rules; and (e) be served upon the Objection Notice Parties. Sale Objections must be filed with the Clerk **on or before 4:00 p.m. (E.T.) on May 20, 2024** (the "Sale Objection Deadline").

PLEASE TAKE FURTHER NOTICE that any Sale Objections or objections to relief requested in connection with the conduct of the Auction, the identify of a Successful Bidder that is not the Stalking Horse Purchaser, the Sale to a Successful Bidder that is not the Stalking Horse Purchaser, as applicable, must be filed with the Clerk **on or before 2:30 p.m. (E.T.) on May 23, 2024** (the "Alternative Sale Objection Deadline"); provided that any objections to the adequate assurance of future performance by a Successful Bidder that is not the Stalking Horse Purchaser need not be written and filed and may be raised at the Sale Hearing.

PLEASE TAKE FURTHER NOTICE that any Assignment Objections, (a) in the event the Stalking Horse Purchaser is the Successful Bidder, must be filed with the Clerk by the Sale Objection Deadline and, (b) in the event the Successful Bidder is not the Stalking Horse Purchaser, need not be written and filed and may be raised at the Sale Hearing.

The "Objection Notice Parties" are as follows: (a) proposed co-counsel to the Debtors, Ropes & Gray LLP, 1211 Avenue of the Americas, New York, NY 10036 (Attn: Gregg M. Galardi, Cristine Pirro Schwarzman, and Ellen Wheeler; email: gregg.galardi@ropesgray.com, cristine.schwarzman@ropesgray.com, and ellen.wheeler@ropesgray.com); Ropes & Gray LLP, 191 North Wacker Drive, 32nd Floor, Chicago, IL 60606 (Attn: Conor P. McNamara, email: conor.mcnamara@ropesgray.com); and Chipman Brown Cicero & Cole, LLP (Attn: Mark L. Desgrosseilliers; email: desgross@chipmanbrown.com); (b) the U.S. Trustee, 844 N. King Street, Room 2207, Wilmington, Delaware 19801 (Attn: Linda Casey and Fang Bu, email: Linda.Casey@usdoj.gov and Fang.Bu@usdoj.gov); (c) counsel to Antares Capital LP, as DIP Agent and the Prepetition Initial First Lien Agent, King & Spalding LLP (Attn: Lindsey Henrikson and Matthew Warren, email: lhenrikson@kslaw.com and mwarren@kslaw.com); and (d) counsel for any statutory committee appointed in these chapter 11 cases.

**PLEASE TAKE FURTHER NOTICE THAT FAILURE TO ABIDE BY THE BIDDING PROCEDURES, THE BIDDING PROCEDURES ORDER OR ANY OTHER APPLICABLE ORDER OF THE COURT ENTERED IN THESE CHAPTER 11 CASES MAY RESULT IN THE REJECTION OF YOUR BID AND YOUR DISQUALIFICATION FROM PARTICIPATING IN THE BIDDING FOR AND AUCTION OF ANY OF THE DEBTORS' ASSETS.**

**PLEASE TAKE FURTHER NOTICE THAT IF A SALE OBJECTION IS NOT FILED AND SERVED ON OR BEFORE THE APPLICABLE SALE OBJECTION DEADLINE IN ACCORDANCE WITH THE BIDDING PROCEDURES ORDER, THE OBJECTING PARTY MAY BE BARRED FROM OBJECTING TO THE SALE AND**

**BEING HEARD AT THE SALE HEARING, AND THE BANKRUPTCY COURT MAY ENTER THE SALE ORDER WITHOUT FURTHER NOTICE TO SUCH PARTY.**

**PLEASE TAKE FURTHER NOTICE THAT SECTION 10.18 OF THE STALKING HORSE APA INCLUDES THE FOLLOWING RELEASES:**

**(a)     Effective as of the Closing and subject to entry of the Sale Order (with any discrepancy between the release provided in the Sale Order and this Agreement being controlled by this Agreement), each of the Sellers on their own behalf and on behalf of their past, present, and future predecessors, successors and assigns hereby unconditionally, irrevocably, and fully forever release, remise, acquit, relinquish, irrevocably waive, and discharge, in their capacity as purchaser of the Purchased Assets, the Buyer, the Administrative Agents and the Lenders, and each of their predecessors, successors, assigns, Subsidiaries and Affiliates, and each of their respective former, current or future, direct or indirect, equity holders, officers, employees, directors, agents, advisory board members, representatives, owners, members, partners, employees, management companies, direct and indirect parent entities, "controlling persons" (within the meaning of federal securities law), heirs, administrators and executors, financial advisors, legal advisors, shareholders, managers, principals, consultants, accountants, attorneys, actuaries, investment bankers and other professionals in each case acting in such capacity whether current or former, including in their capacity as directors of the Company, as applicable (collectively, the "<u>Buyer Released Persons</u>"), of and from any and all Claims, demands, liabilities, responsibilities, disputes, remedies, causes of action, indebtedness and obligations, accounts, defenses, offsets, powers, privileges, licenses, Liens, indemnities, guaranties, franchises, rights, assertions, allegations, actions, suits, controversies, proceedings, losses, damages, injuries, attorneys' fees, costs, expenses, or judgments of every type, whether known, unknown, asserted, unasserted, suspected, unsuspected, foreseen or unforeseen, accrued, unaccrued, fixed, contingent, liquidated or unliquidated, secured or unsecured, direct or derivative, matured or unmatured, pending, or threatened, including all legal and equitable theories of recovery, arising under common law, statute, or regulation or by contract or otherwise, including any derivative claims asserted or assertable on behalf of any of the Sellers, each Sellers Released Persons and Buyer Released Persons, of every nature and description that exist on the date hereof or that such Person would have been legally entitled to assert (whether individually or collectively) with respect to, based on or relating to, or in any manner arising from, in whole or in part, the Sellers, Acquired Entities or the Business (including the capital structure, management, ownership or operation thereof), the business operations of the Sellers and the Acquired Entities, actions taken by the Sellers' boards of directors, the purchase, sale or rescission of any security of the Sellers, the subject matter of the business or contractual arrangements between or among any of the Sellers Released Persons or Buyer Released Persons, the Sellers' restructuring efforts, the ownership or operation of the Sellers by any Sellers Released Persons, the distribution of any cash or other property of the Sellers to any Sellers Released Persons or Buyer Released Persons, the assertion of enforcement of rights or remedies against the Sellers, the Sellers' in- or out-of-court restructuring efforts, any Avoidance Actions (but excluding Avoidance Actions brought as counterclaims or defenses to claims asserted against the Sellers), intercompany transactions, the restructuring transactions and the Transactions, entry into the Bankruptcy Cases, the formulation, preparation, dissemination, negotiation, entry into, or filing of, as**

**applicable, any term sheets, any restructuring support agreement, the DIP Documents, this Agreement, the Transaction Documents or any other documents relating to any of the foregoing created or entered into in connection with the Transaction, this Agreement or the DIP Documents, or any other act or omission, transaction, agreement, conduct, circumstance, event or other occurrence with respect to the foregoing occurring or taking place on or prior to the Closing; provided that nothing herein shall release the Buyer of its obligations under this Agreement, the Sale Order and the other Transaction Documents, or otherwise constitute a release by Seller or any of its Affiliates of any claims that Seller or any of its Affiliates have in the Bankruptcy Cases. Nothing in this Section 10.18(a) shall limit Sellers' or their respective Affiliates' rights in the case of Actual Fraud (but not, for the avoidance of doubt, fraudulent conveyance claims). Effective as of the Closing and subject to entry of the Sale Order (with any discrepancy between the release provided in the Sale Order and this Agreement being controlled by this Agreement), each of the Sellers on their own behalf and on behalf of their past, present, and future predecessors, successors and assigns, covenants not to sue Buyer, the Administrative Agents or any Buyer Released Person, or to instigate, initiate, or pursue against any of them, in any manner of judicial or administrative proceeding on such Seller's own behalf or on behalf of any of the Sellers Released Persons, or any other Person, regarding or in connection with any of the claims released pursuant to this Section 10.18(a).**

        **(b)** **Effective as of the Closing, each of the Buyer and the Administrative Agents, on its own behalf and on behalf of its past, present, and future Affiliates (including the Lenders), predecessors, successors and assigns hereby unconditionally, irrevocably, and fully forever release, remise, acquit, relinquish, irrevocably waive, and discharge, the Sellers and each of their predecessors, successors, assigns, Subsidiaries and Affiliates, and each of their respective former, current or future, direct or indirect, equity holders, officers, employees, directors, agents, advisory board members, representatives, owners, members, partners, employees, management companies, direct and indirect parent entities, "controlling persons" (within the meaning of federal securities law), heirs, administrators and executors, financial advisors, legal advisors, shareholders, managers, principals, consultants, accountants, attorneys, actuaries, investment bankers and other professionals in each case acting in such capacity whether current or former, including in their capacity as directors of the Company, as applicable (collectively, the "Sellers Released Persons"), of and from any and all Claims, demands, liabilities, responsibilities, disputes, remedies, causes of action, indebtedness and obligations, accounts, defenses, offsets, powers, privileges, licenses, Liens, indemnities, guaranties, franchises, rights, assertions, allegations, actions, suits, controversies, proceedings, losses, damages, injuries, attorneys' fees, costs, expenses, or judgments of every type, whether known, unknown, asserted, unasserted, suspected, unsuspected, foreseen or unforeseen, accrued, unaccrued, fixed, contingent, liquidated or unliquidated, secured or unsecured, direct or derivative, matured or unmatured, pending, or threatened, including all legal and equitable theories of recovery, arising under common law, statute, or regulation or by contract or otherwise, including any derivative claims asserted or assertable on behalf of any of the Sellers, each Sellers Released Persons and Buyer Released Persons, of every nature and description that exist on the date hereof or that such Person would have been legally entitled to assert (whether individually or collectively) with respect to, based on or relating to, or in any manner arising from, in whole or in part, the Sellers, Acquired Entities or the Business (including the capital structure, management,**

5

**ownership or operation thereof), the business operations of the Sellers and the Acquired Entities, actions taken by the Sellers' boards of directors, the purchase, sale or rescission of any security of the Sellers, the subject matter of, the business or contractual arrangements between or among any Sellers Released Persons or Buyer Released Persons, the Sellers' restructuring efforts, the ownership or operation of the Sellers by any Sellers Released Persons, the distribution of any cash or other property of the Sellers to any Sellers Released Persons or Buyer Released Persons, the assertion of enforcement of rights or remedies against the Sellers, the Sellers' in- or out-of-court restructuring efforts, any Avoidance Actions (but excluding Avoidance Actions brought as counterclaims or defenses to claims asserted against the Sellers), intercompany transactions, the restructuring transactions and the Transactions, entry into the Bankruptcy Cases, the formulation, preparation, dissemination, negotiation, entry into, or filing of, as applicable, any term sheets, any restructuring support agreement, the DIP Documents, this Agreement, the Transaction Documents or any other documents relating to any of the foregoing created or entered into in connection with the Transaction, this Agreement or the DIP Documents, or any other act or omission, transaction, agreement, conduct, circumstance, event or other occurrence with respect to the foregoing occurring or taking place on or prior to the Closing; <u>provided</u> that nothing herein shall release the Sellers of their obligations under this Agreement, the Sale Order, and the other Transaction Documents.  Nothing in this <u>Section 10.18(b)</u> shall limit Buyer's rights in the case of Actual Fraud (but not, for the avoidance of doubt, fraudulent conveyance claims).  Effective as of the Closing, each of the Buyer and the Administrative Agents, on its own behalf and on behalf of its past, present, and future Affiliates (including the Lenders), predecessors, successors and assigns, covenants not to sue any Seller or any Sellers Released Person, or to instigate, initiate, or pursue against any of them, in any manner of judicial or administrative proceeding on such Buyer's or Administrative Agent's own behalf or on behalf of any of the Buyer Released Persons, or any other Person, regarding or in connection with any of the claims released pursuant to this <u>Section 10.18(b)</u>.**

**(c)    Without limiting in any way the scope of the releases contained in this <u>Section 10.18</u> and effective upon the Closing, each of Seller, Buyer and the Administrative Agents, to the fullest extent allowed under applicable Law, hereby waives and relinquishes all statutory and common law protections purporting to limit the scope or effect of a general release, whether due to lack of knowledge of any claim or otherwise, including, waiving and relinquishing the terms of any Law which provides that a release may not apply to material unknown Claims.  Each of Seller, Buyer and the Administrative Agents hereby affirms its intent to waive and relinquish such unknown Claims and to waive and relinquish any statutory or common law protection available in any applicable jurisdiction with respect thereto.  Each of Seller, Buyer and the Administrative Agents hereby represents and warrants that it has access to adequate information regarding the terms hereof, the scope and effect of the releases in this <u>Section 10.18</u>, and all other matters encompassed by this Agreement to make an informed and knowledgeable decision with regard to entering into this Agreement.**

| | |
|---|---|
| Dated:  April 30, 2024<br>         Wilmington, Delaware | **CHIPMAN BROWN CICERO & COLE, LLP**<br><br>*/s/ Mark L. Desgrosseilliers*<br>Mark L. Desgrosseilliers (No. 4083)<br>Hercules Plaza<br>1313 North Market Street, Suite 5400<br>Wilmington, Delaware 19801<br>Telephone: (302) 295-0192<br>Email: desgross@chipmanbrown.com<br><br>-and-<br><br>**ROPES & GRAY LLP**<br>Gregg M. Galardi (No. 2991)<br>Cristine Pirro Schwarzman (admitted *pro hac vice*)<br>1211 Avenue of the Americas<br>New York, New York 10036<br>Telephone: (212) 596-9000<br>Facsimile: (212) 596-9090<br>E-mail: gregg.galardi@ropesgray.com<br>          cristine.schwarzman@ropesgray.com<br><br>-and-<br><br>**ROPES & GRAY LLP**<br>Conor P. McNamara (admitted *pro hac vice*)<br>191 North Wacker Drive, 32nd Floor<br>Chicago, Illinois 60606<br>Telephone: (312) 845-1200<br>Facsimile: (312) 845-5500<br>E-mail:  conor.mcnamara@ropesgray.com<br><br>*Proposed Counsel to the Debtors and Debtors in Possession* |