## THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| *In re:* | Chapter 11 |
| Never Slip Holdings, Inc., *et al.*,[1] | Case No. 24-10663 (LSS) |
| Debtors. | (Jointly Administered) |
|  | Hearing Date: May 23, 2024, at 2:30 p.m. (Prevailing Eastern Time) |
|  | Objection Deadline: May 20, 2024, at 4:00 p.m. (Prevailing Eastern Time) |
|  | **Re: Docket No. 70, 96, 132, 154** |

**LIMITED SUPPLEMENTAL OBJECTION AND RESERVATION OF RIGHTS OF THE CHUBB COMPANIES TO: (1) DEBTORS' MOTION PURSUANT TO SECTIONS 105, 363 AND 365 OF THE BANKRUPTCY CODE FOR ENTRY OF AN ORDER (I)(A) APPROVING THE BIDDING PROCEDURES, INCLUDING THE DEBTORS' ENTRY INTO THE STALKING HORSE APA, THE SALE TIMELINE, AND THE FORM AND MANNER OF NOTICE THEREOF, AND (B) APPROVING THE DEADLINE FOR PARTIES IN INTEREST TO PROVIDE NOTICE OF THEIR INTENTION TO USE THE CHALLENGE PERIOD TO INVESTIGATE THE LIENS AND CLAIMS OF THE PREPETITION FIRST LIEN SECURED LENDERS SEEKING TO CREDIT BID AT THE AUCTION; (II) APPROVING THE DEBTORS' (A) SALE OF ALL OR SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS FREE AND CLEAR OF ALL LIENS OTHER THAN ASSUMED LIABILITIES AND (B) ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES TO THE SUCCESSFUL BIDDER; AND (III) GRANTING RELATED RELIEF; AND (2) NOTICE OF POSSIBLE ASSUMPTION AND ASSIGNMENT WITH RESPECT TO EXECUTORY CONTRACTS AND UNEXPIRED LEASES OF THE DEBTORS**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are: Never Slip Holdings, Inc. (5010); Never Slip TopCo, Inc. (8956); SHO Holding I Corporation (7699); SHO Holding II Corporation (7738); Shoes For Crews, Inc. (9679); SFC Holdings, Inc. (8908); SFC Holdings, LLC (2357); Shoes for Crews, LLC (2362); SRS/MKS, L.L.C. (7003); Shoes for Crews Canada, Ltd. (0085); SFC Canada, Inc. (1314); and Sunrise Enterprises, LLC (4516). The Debtors' service address is 5000 TRex Avenue, Suite 100, Boca Raton, FL 33431.

ACE American Insurance Company, Federal Insurance Company, Illinois Union Insurance Company, Westchester Fire Insurance Company, Westchester Surplus Lines Insurance Company, and each of their respective U.S.-based affiliates and predecessors (collectively, and solely in their capacities as insurers collectively, the "Chubb Companies"), by and through their undersigned counsel, hereby file this objection (the "Supplemental Objection") to the: (1) *Debtors' Motion Pursuant to Sections 105, 363, and 365 of the Bankruptcy Code for Entry of an Order (I)(A) Approving the Bidding Procedures, Including the Debtors Entry Into the Stalking Horse APA, the Sale Timeline, and the Form and Manner of Notice Thereof, and (B) Approving the Deadline for Partiers in Interest to Provide Notice of Their Intention to use the Challenge to Investigate the Liens and Claims of the Prepetition First Lien Secured Lenders Seeking to Credit Bid at the Auction; Approving the Debtors' (A) Sale of All or Substantially all of the Debtors' Assets Free and Clear of All Liens Other Than Assumed Liabilities and (B) Assumption and Assignment of Certain Executory Contracts and Unexpired Leases to the Successful Bidder; and (III) Granting Related Relief* [Docket No. 70] (the "Motion")[2] and (2) *Notice of Possible Assumption and Assignment with Respect to Executory Contracts and Expired Leases of Debtors* [Docket No. 154] (the "Cure Notice") and in support of the Supplemental Objection, the Chubb Companies respectfully state as follows:

## BACKGROUND

### A.    The Bankruptcy Case

1.      On April 1, 2024, (the "Petition Date") Never Slip Holdings, Inc. a/k/a Shoes For Crews, Inc. and certain of its affiliates (collectively, the "Debtors") each filed a voluntary

---

[2] All capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

petition for relief under Title 11 of the United States Code (the "Bankruptcy Code") in the

United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").

2.    On April 8, 2024, the Debtors filed the Motion.

3.    Pursuant to the Motion, the Debtors seek entry of (a) an order approving, *inter alia*, the Bidding Procedures, including authorizing the Debtors to enter into the Stalking Horse APA; and (b) a further order authorizing the sale of substantially all of the Debtors' Assets.

4.    The Motion identifies Prepetition First Lien Lenders, through the Prepetition First Lien Agent, through SFC Acquisition Co., LLC, to serve as a Stalking Horse Purchaser.

5.    The Stalking Horse APA provides that:

The Purchased Assets shall include Sellers' rights, titles, and interests in, to and under each of the following of the Sellers as of the Closing:

*** 

(d) all Avoidance Actions and all of the rights, claims or causes of action of the Sellers of any kind, including those available under the Bankruptcy Code, against any officer, director, employee, manager or Affiliate of, or lender to, any Seller or any of their respective Affiliates (and the proceeds of any insurance policies related to any such rights, claims or causes of action) arising at any time prior to the Closing, which such Avoidance Actions, rights, claims and causes of action shall be, and effective immediately upon Closing hereby are, waived and released in full immediately upon Closing;

*** 

(i) all current and prior insurance policies, to the extent transferable, and all rights and benefits of any nature of Sellers with respect thereto, including all insurance recoveries or proceeds thereunder and rights to assert claims with respect to any such insurance recoveries or proceeds, other than any directors and officers insurance policies, fiduciary policies or employment practices policies (in each case, including any tail policies or coverage thereon) and any rights, claims, demands, proceedings, credits, causes of action or rights of set off thereunder (the "Sellers D&O Policies and Rights")

Stalking Horse APA, § 2.1.

6.    On April 23, 2024, the Chubb Companies filed the *Reservation of Rights of the Chubb Companies to the Debtors' Motion Pursuant to Sections 105, 363, and 365 of the*

*Bankruptcy Code for Entry of an Order (I)(A) Approving the Bidding Procedures, Including the Debtors Entry Into the Stalking Horse APA, the Sale Timeline, and the Form and Manner of Notice Thereof, and (B) Approving the Deadline for Parties in Interest to Provide Notice of Their Intention to use the Challenge to Investigate the Liens and Claims of the Prepetition First Lien Secured Lenders Seeking to Credit Bid at the Auction; Approving the Debtors' (A) Sale of All or Substantially all of the Debtors' Assets Free and Clear of All Liens Other Than Assumed Liabilities and (B) Assumption and Assignment of Certain Executory Contracts and Unexpired Leases to the Successful Bidder; and (III) Granting Related Relief* [Docket No. 96] (the "Reservation of Rights").

7.    On April 26, 2024, the Court entered the *Order (I)(A) Approving Certain Bidding Procedures And The Form And Manner Of Notice Thereof, (B) Approving The Debtors Entry Into The Stalking Horse APA, (C) Approving The Form And Manner Of Notice Of The Sale Hearing; And (II) Granting Related Relief* [Docket No. 132] (the "Bidding Procedures Order").

8.    On May 3, 2024, the Debtors filed the Cure Notice.

9.    The Cure Notice lists the following insurance policies issued by the Chubb Companies, but does not list all insurance policies and agreements that exists pursuant to the Insurance Programs (defined below):

| Counter Party | Contract Title | Cure Amount |
|---|---|---|
| ACE American Insurance Company | D&O Insurance Agreement between ACE American Insurance Company and Never Slip Topco, Inc. | $ - |
| Chubb | P&C Insurance Agreement between Chubb Never Slip Topco, Inc. | $ - |

**B.    The Marketing Agreement**

10.    Shoes for Crews LLC and one of the Chubb Companies are parties to an agreement entered into in or around June 2022, pursuant to which, among other things, the Chubb Companies agree to provide a link to the Debtors' website on a website of the Chubb Companies and the Debtors agree to sell certain of its products at a discount for, among others, customers following the link to the Debtors' website (the "Marketing Agreement").

11.    The Marketing Agreement is not listed on the Cure Notice.

12.    There is no Cure Amount owed with regard to the Marketing Agreement.

**C.    The Insurance Programs**

13.    Prior to the Petition Date, the Chubb Companies issued certain insurance policies (as renewed, amended, modified, endorsed or supplemented from time to time, collectively, the "Policies") to one or more of the Debtors as named insureds.

14.    Pursuant to certain Policies and related agreements (collectively, the "ACE Insurance Program"), ACE American Insurance Company, Illinois Union Insurance Company, Westchester Fire Insurance Company, Westchester Surplus Lines Insurance Company, and each of their respective U.S.-based affiliates and predecessors provide, workers' compensation, terrorism, automobile liability, kidnap and extortion, excess, directors' and officers' liability, fiduciary liability, employment practices liability, package, and certain other insurance for specified policy periods subject to certain limits, deductibles, retentions, exclusions, terms and conditions, as more particularly described therein and the insureds, including, if applicable, one or more of the Debtors, are required to pay to the Chubb Companies certain amounts including, but not limited to, insurance premiums (including audit premiums), deductibles, funded deductibles, expenses, taxes, assessments and surcharges, as more particularly described in the ACE Insurance Program (collectively, the "ACE Program Obligations").

DM3\10531269.1

15.     Pursuant to certain other Policies and related Agreements (collectively, the "Federal Insurance Program," and together with the ACE Insurance Program, the "Insurance Programs"),  Federal Insurance Company, and/or certain of their U.S.-based affiliates and predecessors provide, *inter alia,* errors and omissions, kidnap, ransom and extortion, umbrella, automobile liability, crime, package, and certain other insurance for specified policy periods subject to certain limits, deductibles, retentions, exclusions, terms and conditions, as more particularly described therein, and the insureds, including, if applicable, one or more of the Debtors, are required to pay to the Chubb Companies certain amounts including, but not limited to, insurance premiums (including audit premiums), deductibles, funded deductibles, expenses, taxes, assessments and surcharges, as more particularly described in the Federal Insurance Program (collectively the "Federal Program Obligations," and together with the ACE Program Obligations, the "Obligations").[3]

16.     The Obligations are payable over an extended period of time and are subject to future audits and adjustments.

17.     The Obligations include but are not limited to a certain amount that is currently due, which came due on or around April 19, 2024, in the amount of $3,916.00. Further, amounts may continue to accrue, including certain premium installment payments that are scheduled to come due on or about June 19, 2024, July 22, 2024, August 19, 2024, September 19, 2024, and October 21, 2024 related to multiple policies in the aggregate amount of $110,064.40.

---

[3] The Obligations include both monetary and nonmonetary obligations that the insureds, including one or more of the Debtors, may have.

## LIMITED SUPPLEMENTAL OBJECTION AND RESERVATION OF RIGHTS

18.     The Debtors and the Stalking Horse Bidder have agreed that the Reservation of Rights shall stand as an objection to the Sale and the Motion.

19.     The Chubb Companies, however, file this Supplemental Objection to specifically object to the Cure Notice regarding the Insurance Programs based upon the arguments raised in paragraphs 31-34 of the Reservation of Rights, which are incorporated herein by this reference.

20.     Further, the Cure Notice does not include the complete Insurance Programs nor the amount currently due thereunder of no less than $3,916.00 or any and all amounts coming due, which must be paid pursuant to the terms and conditions of the Insurance Programs.

21.     The Marketing Agreement should be assumed and assigned to the Buyer, pursuant to the business agreement between the parties, which should be clearly provided for in the Sale Order and APA.

22.     The Chubb Companies specifically reserve all of their rights with respect to the Insurance Programs, the Marketing Agreement, the Motion, the Cure Notice, any proposed Sale in connection therewith, and/or any documents relating thereto.

23.     WHEREFORE, the Chubb Companies (1) object to the Motion on the bases set forth in the Reservation of Rights, and request that either (A) the Motion be denied or (B) language be required to be added to any order approving a Sale that provides for appropriate treatment of the Insurance Programs as set forth therein; (2) object to the Cure Notice as stated herein; and (3) reserve all of their rights with respect to the Insurance Programs, the Motion, the Cure Notice, any proposed Sale in connection therewith, and/or any documents relating thereto.

Dated:  May 20, 2024

Respectfully submitted,

**DUANE MORRIS LLP**


*/s/ Drew S. McGehrin*
Drew S. McGehrin, Esq. (DE 6508)
1201 North Market Street, Suite 501
Wilmington, DE 19801
Phone: (302) 657-4900
Fax: (303) 657-4901
Email: DSMcGehrin@duanemorris.com



and

Wendy M. Simkulak, Esq.
Jessica Kenney Bonteque, Esq.
1540 Broadway
New York, NY 10036-4086
Telephone: (212) 692-1036
Fax: (212) 954-5310
Email: wmsimkulak@duanemorris.com
Email: JBonteque@duanemorris.com

*Counsel for the Chubb Companies*